IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORIA C. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:12-cv-277-MEF |
| | ) | (WO – Do Not Publish) |
| MOBIS ALABAMA, LLC, and | ) | |
| JEREMY POWERS, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant MOBIS Alabama, LLC's ("MOBIS") Motion for Attorney Fees (Doc. #135).  This motion arises out of statements in Plaintiff Noria Green's ("Green") declaration and in arguments advanced by Green's counsel, Alicia Haynes, in a brief in opposition to MOBIS's motion for summary judgment.  The Court found these statements to be false and misleading in its Memorandum Opinion and Order on summary judgment.  (Doc. #132, at 18–21.)  After the entry of final judgment in favor of MOBIS, MOBIS filed its Motion for Attorney Fees.  The Court issued a show cause order to Ms. Haynes, the attorney whose signature appeared on the challenged filings, as to why she should not be sanctioned.  (Doc. #136.)  The Court held a hearing on the matter on March 17, 2014.  After careful consideration and for the reasons discussed below, the Court finds that MOBIS's Motion for Attorney Fees is due to be DENIED.

1

## I. FACTS

The following facts are taken from the summary judgment record, MOBIS's Motion for Attorney Fees, Green's Response to Order to Show Cause, MOBIS's Response in Support of its Motion for Attorney Fees, and the record of the hearing held on March 17, 2014.

Green sued her employer, MOBIS, and a former co-worker and supervisor alleging that she suffered sexual harassment in violation of Title VII, which MOBIS failed to adequately prevent and remedy. During the course of her employment with MOBIS, Green received approval to take leave under the Family and Medical Leave Act ("FMLA") to take her father to doctor's visits. MOBIS discovered what it believed to be forged doctor's notes submitted by Green and subsequently terminated her for misconduct. Green retained the law firm of Haynes & Haynes, P.C. in June of 2011 and was represented by them when she was terminated on November 4, 2011. (Doc. #139-1, at ¶ 5.) Green was represented by an associate at the law firm, Karen Cleveland, with oversight from Ms. Haynes. (Doc. #139-1, at ¶ 5.) With the aid of Ms. Cleveland, Green filed for unemployment compensation benefits but was deemed ineligible on the grounds that she had been terminated for misconduct.

Green appealed her denial of unemployment compensation to the Alabama Department of Industrial Relations ("ADIR"). On December 16, 2011, Green, Ms. Cleveland, and a representative from MOBIS, Curt Bennett ("Bennett"), participated in a telephone hearing with an ADIR hearing officer. At the time of the December hearing, MOBIS had not given Green's counsel or ADIR the doctor's notes it believed Green had

2

forged. The hearing officer concluded that she could not hold the hearing without the notes that formed the basis of Green's termination. (Doc. #139-2, at 28–30.) Bennett stated he would decide whether MOBIS would give the documents to ADIR after consulting with MOBIS's counsel. (Doc. #139-2, at 28.) The hearing officer then continued the hearing to a later, unspecified date, and stated that her docket clerk would select a new date and time and that the parties would receive notice of the new date and time by mail. (Doc. #139-2, at 34–35.)

ADIR mailed notices to Green and MOBIS on December 21, 2011, that stated the appeal hearing would be re-convened on January 4, 2012. (Doc. #61-3, at 46; Doc. #83-1, at ¶ 7.) MOBIS's plant was shut down for the 2011 holiday season from approximately December 23, 2011 through January 2, 2012. (Doc. #83-1, at ¶ 6.) MOBIS's mail room did not reopen until January 3, 2012, and the notice was not processed in time for Bennett to learn the date of the hearing. (Doc. #83-1, at ¶¶ 5–7.) As a result, no representative from MOBIS was present at the January 4, 2012 telephone hearing.

Records of the January 4, 2012 hearing reveal that the ADIR hearing officer attempted three times to contact Bennett by phone but no one answered. (Doc. #139-2, at 44.) The hearing officer then proceeded to conduct the telephone hearing with Green and Ms. Cleveland. As a result of the January 4, 2012 hearing, conducted without the doctor's notes MOBIS believed were falsified and without a representative from MOBIS, the ADIR hearing officer issued a decision in which she concluded Green had not been terminated for misconduct that would disqualify her from receiving unemployment compensation benefits

under Alabama Code § 25-4-78(3)(a).  (Doc. #61-3, at 51–52.)  Although MOBIS did not participate in the January 4, 2012 hearing, the hearing officer's decision included the following line: "**APPEARANCES AT THE HEARING:** Claimant with representative and employer representative."  (Doc. #61-3, at 51.)

When MOBIS received the hearing officer's decision, Bennett faxed two letters to ADIR stating MOBIS wanted to appeal the hearing officer's decision and that it wanted to tell its side of the story.  (Doc. #61-3, at 70–72.)  MOBIS submitted the doctor's notes it believed Green had falsified with these letters.

On October 21, 2013, MOBIS filed its motion for summary judgment with accompanying evidentiary submissions.  (Docs. #58–61.)  MOBIS argued, among other things, that its legitimate, non-retaliatory reason for terminating Green was its belief that she had provided falsified doctor's notes in connection with her FMLA leave.  On November 15–16, 2012, Green filed her response to MOBIS's motion for summary judgment with accompanying evidentiary submissions.  (Docs. #71–78.)  In her brief, Ms. Haynes argued that the ADIR hearing officer's finding that Green was not terminated for misconduct collaterally estopped MOBIS from claiming Green was terminated for providing falsified doctor's notes.  The following statements appeared in support of this argument:

> 1.    The sworn declaration of Plaintiff Noria Green, drafted by Ms. Haynes, states, "The Hearings and Appeals Division of the DIR conducted a hearing on my appeal on January 4, 2012 and MOBIS was present."  (Doc. #77-1, at ¶ 50.)
>
> 2.    In the statement of "Additional Material Facts," it states, "The Hearings and Appeals Division of the DIR conducted a

>hearing on Green's appeal on January 4, 2012. (Doc. 61-3, p. 51). MOBIS had a representative at that hearing." (Doc. #78, at ¶ 5.) This statement contains a citation to the hearing officer's decision, which indicated MOBIS was at the hearing.
>
>3.     In the argument section of the brief, it states, "The third element [of collateral estoppel] requires that the parties had an adequate opportunity to litigate the issue to be estopped . . . Here, the record also establishes that a hearing was held on January 4, 2012, at which both Green and a representative for MOBIS were present." (Doc. #78, at 44.)

At the time these assertions were made, there was no recording or transcript of the ADIR hearings in the record—there was only the copy of the hearing officer's opinion, which indicated that MOBIS was at the January 4, 2012 hearing. As a result, on November 22, 2013, MOBIS submitted a copy of an audio recording of the January 4, 2012 hearing with its reply brief in support of its motion for summary judgment. (Docs. #81, 83.) MOBIS argued that the reason for Green's termination was not "actually litigated" at the January 4, 2012 hearing because, as the audio recording conclusively established, no representative for MOBIS was present at the hearing. (Doc. #82, at 28–30.) MOBIS further argued that, under *Hale v. Hyundai Motor Manufacturing Alabama, LLC*, 86 So. 3d 1015 (Ala. Civ. App. 2012), a finding by ADIR that an employee was not terminated for misconduct did not have preclusive effect against an employer who claimed to have fired an employee for misconduct. (Doc. #82, at 24–28.) Thus, MOBIS brought the false statements about MOBIS's attendance at the January 4, 2012 hearing to Green's and the Court's attention on November 22, 2013, with the filing of its reply brief and supplemental exhibits.

On January 9, 2014, over a month and a half after MOBIS filed its reply brief and

supplemental exhibits, Green filed a motion to strike the supplemental declaration of Bennett, who testified that he was not present at the January 4, 2012 hearing, as well as the audio recording of the hearing. (Doc. #92.) The motion to strike was signed by Ms. Haynes. The grounds for the motion to strike were as follows:

> 7. Defendant untimely submitted a supplemental declaration from Curt Bennett, Mobis's Manager of Human Resources who previously provided a declaration and deposition testimony. The substance of Mr. Bennett's supplemental declaration is limited [to] Mobis's participation or non-participation in Plaintiff's unemployment hearing on January 4, 2012. This is not newly acquired information that should justify submission to the Court for consideration past the deadline.
>
> 8. Defendant also untimely submitted a CD containing an audio recording of the January 4, 2012 telephone hearing before the Alabama Department of Industrial Relations. This exhibit was not disclosed on Defendant's Second Supplemental Disclosures per FRCP 26(a)(1)(A)(I).

(Doc. #92, at ¶¶ 7–8.) Paragraph 7 of the motion to strike contains an acknowledgment that Bennett's supplemental declaration was introduced for the purpose of proving MOBIS was not present at the January 4, 2012 hearing.

On January 14, 2014, MOBIS filed a response to Green's motion to strike arguing that it was not submitting new or additional evidence, but that it was submitting evidence that showed the statements made in support of Green's collateral estoppel argument were false:

> 5. Plaintiff's collateral estoppel argument is based on the legally and factually incorrect assertion that the parties had an adequate opportunity to litigate the reason for Plaintiff's termination before ADIR. Specifically, Noria Green's sworn declaration states, "[t]he Hearings and Appeals Division of the [Alabama Department of Industrial Relations] conducted a

6

> hearing on my appeal on January 4, 2012 *and MOBIS was present*." [Doc. 77-1, ¶ 50.] Plaintiff's opposition brief further states, "the record . . . establishes that a hearing was held on January 4, 2012, at which both *Green and a representative of MOBIS were present*." [Doc. 78, p. 41.]
>
> 6.      These statements are **false**. In specific response to Plaintiff's misrepresentation and to rebut her new collateral estoppel argument, Defendant submitted the Supplemental Declaration of Curt Bennett (Ex. 14) and the actual recording of the ADIR proceedings on January 4, 2012 (Ex. 17), which clearly establish MOBIS was **not present** at any hearing on that date.

(Doc. #100, at ¶¶ 5–6) (emphasis in original). Thus, in addition to MOBIS bringing attention to the false statements about MOBIS's attendance at the January 4, 2012 hearing in its reply brief and supplemental exhibits on November 22, 2013, MOBIS once again, in bold and underlined type, stated that Green's declaration and brief contained false statements in its January 14, 2014 response in opposition to Green's motion to strike.

On February 5, 2014, the Court issued its Memorandum Opinion and Order granting summary judgment in favor of MOBIS. (Doc. #132.) The Court also denied Green's motion to strike the supplemental declaration of Curt Bennett and the audio recording of the January ADIR hearing in this order. The Court stated:

> The statement that MOBIS was present at the telephone hearing is completely false, as the audio recording makes clear; indeed, the hearing officer attempts to contact Bennett three times and fails due to the plant shutdown . . .
>
> Incredibly, Green and her counsel were present at the telephone hearing, which was clearly conducted in MOBIS's absence, and yet Green's sworn declaration states that MOBIS was present at the hearing. Even more incredibly, Green seeks to strike

7

> MOBIS's submission of the audio recording that would prove Green's statement to be false. Green essentially asks this Court to give the ADIR hearing issue preclusive effect against MOBIS on the basis of Green's false statement that MOBIS was represented at the hearing and, further, to prevent MOBIS from presenting evidence demonstrating Green's falsehood. The position Green's counsel has taken on the January 4, 2012 ADIR hearing proves the truth of Benjamin Franklin's maxim, "Half the truth is often a great lie." The Court declines to further perpetuate or condone such conduct.

(Doc. #132, at 20–21.)

The Court concluded that, based on the evidence before it at that time, Ms. Haynes had misrepresented the facts to the Court for the following reasons: (1) the assertion that a representative from MOBIS was present at the January 4, 2012 ADIR hearing, repeated three times in filings signed by Ms. Haynes, was both unambiguous in meaning and conclusively shown to be false; (2) Ms. Cleveland, an associate at Ms. Haynes's law firm, represented Green in both the December 16, 2011 and January 4, 2012 telephone hearings, and, therefore, Ms. Haynes was presumed to know whether MOBIS was present at the January hearing in drafting Green's declaration; (3) after MOBIS submitted its reply brief, supplemental declaration, and audio recording of the January 4, 2012 hearing, Ms. Haynes, rather than withdraw the statement that MOBIS was present at the January hearing, moved to strike the supplemental declaration and audio recording; this indicated to the Court that Ms. Haynes did not want the Court to consider evidence proving that a factual assertion on which she relied for her collateral estoppel argument was false; (4) MOBIS represented to the Court in its January 14, 2014 opposition to Green's motion to strike that Ms. Haynes's firm had

8

themselves produced the ADIR records to MOBIS and had thus possessed evidence revealing who was present at the January hearing for a number of months (Doc. #100, ¶ 8(a)); (5) Ms. Haynes had never withdrawn her statements that MOBIS was present at the January hearing, or the collateral estoppel argument reliant on these statements, despite MOBIS conclusively proving these statements to be false with its November 22, 2013 reply brief and supplementary exhibits and again in its January 14, 2014 opposition to Green's motion to strike.

Given the apparent falsity of Ms. Haynes's statements, on February 19, 2014, MOBIS filed its Motion for Attorney Fees. (Doc. #135.) MOBIS argued that, under Federal Rule of Civil Procedure 11, Ms. Haynes had made factual contentions without evidentiary support in claiming a MOBIS representative was present at the January 4, 2012 hearing and that she had made a frivolous legal argument for collateral estoppel in light of the *Hale* case. (Doc. #135.) The Court issued an order to show cause why MOBIS's motion for sanctions should not be granted. (Doc. #136.)

Ms. Haynes explained the basis for her assertions in her response to the Court's show cause order (Doc. #139) and in her Rule 59(e) motion to reconsider the Court's summary judgment order and final judgment (Doc. #141). Ms. Haynes appears to give several different explanations for her assertion that MOBIS participated at the January 4, 2012 hearing. First, she attempts to cast doubt on Bennett's claim that MOBIS did not have notice that the hearing had been rescheduled to January 4, 2012, as a result of MOBIS's mailroom being closed. Ms. Haynes writes, "While Bennett contends that, because the mail room was

9

closed January 3rd, he did not get the notice in time to participate in the January 4th hearing, he does not explain why he never returned the Hearing Officer's three phone calls and two detailed messages he received on January 4th." (Doc. #139, at 14.)[1]  An audio recording of the January 4, 2012 hearing reveals that the ADIR hearing officer made all three calls to Bennett within a ten-minute time period. The hearing officer then continued with the hearing without Bennett. The entire hearing lasted only twenty-six minutes. Second, Ms. Haynes argues that, as required for collateral estoppel, MOBIS had an adequate opportunity to litigate the matter at the January 4, 2012 hearing even though it wasn't present because it chose not to participate in any future hearing after the December 16, 2011 hearing was continued based on attorney directive. (Doc. #141, at 11.) In its order denying Green's Rule 59 motion, the Court pointed out that, in her brief in opposition to summary judgment, Ms. Haynes relied on her assertion that MOBIS was present at the January 4, 2012 hearing as the fact that established the "adequate opportunity to litigate" element of collateral estoppel. (Doc. #143, at 2–3.) Her argument that MOBIS had an adequate opportunity to litigate the reason for Green's termination based on its participation at the December 16, 2011 hearing and its voluntary choice not to participate in a future hearing was a new argument introduced for the first time in her Rule 59 motion.

But Ms. Haynes's principal argument as to why she should not be sanctioned in her response to the show cause order was that she drafted Green's declaration with the

---

[1] This argument is repeated again in her Rule 59(e) motion. (Doc. #141, at 11.)

understanding that, if an ADIR hearing is continued to a later date, there is still only one hearing with the final date of the hearing given as the date of the hearing. (Doc. #139-1, at ¶ 5; Doc. #139, at 5.) In fact, Ms. Haynes disputed the Court's finding that her statement that MOBIS was present at the January 4, 2012 hearing was false. (Doc. #141, at 12 n. 4.) In her sworn affidavit, Ms. Haynes states as follows:

> I recall Karen Cleveland advising me that Ms. Green had been denied her unemployment. I recall meeting with Ms. Cleveland about appealing that decision and preparing for the telephone hearing. I was not in attendance during the telephone hearing, though I was briefly on the telephone when the hearing officer called the office to speak with Ms. Cleveland and she had not yet arrived at work. Ms. Cleveland sent me an email about the hearing, the information she learned in the hearing for the processing of Ms. Green's discrimination case *and the fact the hearing was continued for MOBIS to present documents* . . . I used Ms. Cleveland's summary on the hearing in deposing Mr. Bennett.

(Doc. #139-1, at ¶ 6) (emphasis added). Thus, Ms. Haynes claims in her affidavit that she was aware the telephone hearing was continued and that the ADIR hearing occurred on two different dates. She then states:

> There is only one telephone hearing at the appeals stage of the ADIR process. A telephone hearing can be continued and reconvened, but there is only one hearing . . . The date of an ADIR decision is based on the conclusion of the hearing regardless of the date the hearing convened. *I drafted Noria Green's affidavit with this understanding* and based upon the decision of the ADIR Hearing Officer, wherein it states that the employer's representative made an appearance at the hearing.

(Doc. #139-1, at ¶ 7) (emphasis added). Ms. Haynes appears to argue that, at the time she drafted Green's declaration, she did so with the understanding that the January 4 hearing was

11

considered to be the same hearing as the December 16 hearing, and since MOBIS was present at the December 16 hearing, it was present at the January 4 hearing. She also states that she drafted Green's declaration based upon the ADIR hearing officer's decision, which indicates that MOBIS was present at the January 4, 2012 hearing. Ms. Haynes's statements in her affidavit explain why the ADIR hearing officer's opinion states MOBIS was present at the January 4, 2012 hearing. But Ms. Haynes asserts that she "drafted Noria Green's affidavit with [the] understanding" that the date of an ADIR hearing is based on this conclusion (i.e., that Ms. Haynes was aware there were two separate dates for the hearing but that they are considered one hearing) and that she intended her statement that MOBIS was present at the January 4, 2012 hearing to mean that MOBIS was present at the December 16, 2011 hearing, and, therefore, it was present at the January 4 hearing.[2]

At the hearing held on March 17, 2014, Ms. Haynes provided the Court with testimony that shed considerable light on her actions. Ms. Haynes stated that the first time she became aware of the fact that her statement that MOBIS was present at the January 4, 2012 hearing was false was when she read the Court's Memorandum Opinion and Order granting summary judgment in favor of MOBIS.[3] When Ms. Haynes drafted Noria Green's

---

[2] Ms. Haynes issued a subpoena to the ADIR hearing officer who conducted the hearings with Green to testify about ADIR's understanding of their own hearing process. ADIR filed a motion to quash the subpoena, which was granted by the Magistrate Judge. (Doc. #155.)

[3] Since Ms. Haynes stated she first became aware of the false statement in Green's declaration when she read the Memorandum Opinion and Order, the Court infers that she did not read MOBIS's November 22, 2013 reply brief or MOBIS's January 14, 2014 response in opposition to her motion to strike the audio recording, both of which highlighted Green's false statement.

declaration, she claims to have relied solely upon the ADIR hearing officer's opinion, which states that a MOBIS representative was at the January 4 hearing, and the deposition of Bennett.[4] Although Ms. Haynes had recordings of both the December 16, 2011 and January 4, 2012 hearings prior to any of the summary judgment filings, she somehow managed not listen to them until **after** receiving the Memorandum Opinion and Order. Incredibly, Ms. Haynes did not listen to the recordings of the hearings before filing her motion to strike the recording of the January hearing that MOBIS submitted to prove the statement in Green's declaration was false. After a legal assistant notified her that MOBIS filed an audio recording of the January hearing, Ms. Haynes asked her legal assistant to see whether MOBIS had listed the recording in their Rule 26 disclosures. After her assistant informed Ms. Haynes they had not, Ms. Haynes had her legal assistant file her "standard motion" to strike based on lack of Rule 26 disclosure.[5]

## II. DISCUSSION

Federal Rule of Civil Procedure 11 states that any attorney whose signature appears on a filing submitted to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (2) the claims, defenses, and other legal contentions are

---

[4] In his deposition, Bennett could not remember how many ADIR hearings he had participated in and stated MOBIS did not appeal the findings of the hearing officer based on attorney directive. (Doc. #61-1, at 64–65.)

[5] This explains the document's reference to Appendix II of the "Uniform Initial Order" of the Court, which is an order issued by district courts in the Northern District of Alabama but not used in the Middle District.

>warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Fed. R. Civ. P. 11(b). In assessing the propriety of Rule 11, a court asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quotation and citation omitted). Whether the party's belief that her factual assertion or legal claim was non-frivolous is based on what was reasonable to believe at the time the document was filed. *See Jones v. Int'l Riding Helmets*, 49 F.3d 692, 695 (11th Cir. 1995). The advisory committee note of 1993 states that "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11.

This matter is before the Court pursuant to MOBIS's Motion for Attorney Fees. When a party serves a motion under Rule 11, the party must comply with the "safe harbor" provision. This provision requires the party to serve the motion on opposing counsel in order to allow the other party to withdraw the challenged filing. Fed. R. Civ. P. 11(c)(2). If the party does not withdraw the challenged filing after 21 days of service, the moving party may file the Rule 11 motion with the court. The commentary to Rule 11 states:

>Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be

> viewed as untimely . . . Given the "safe harbor" provisions discussed below, *a party cannot delay servings its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)* (emphasis added).

In *Peer v. Lewis*, the Eleventh Circuit affirmed the district court's failure to impose Rule 11 sanctions because the moving party waited until the district court struck the offending complaint before moving for sanctions, because the moving party had reason to believe it was frivolous nine months earlier.  606 F.3d 1306 (11th Cir. 2010); *see also Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (finding the "safe harbor" provision to be an "absolute requirement" and collecting cases).

At the March 17, 2014 hearing, counsel for MOBIS conceded that they did not comply with the "safe harbor" provision.  The proper method for MOBIS to follow would have been to serve their Rule 11 motion shortly after Ms. Haynes submitted her brief in opposition to summary judgment along with Green's declaration, or in connection with MOBIS's reply brief and supplemental exhibits.  Instead, MOBIS waited for "judicial rejection of the offending contention" before filing its motion for attorney fees. Fed. R. Civ. P. 11.  MOBIS is, therefore, barred under Rule 11(c)(2) from seeking sanctions for the attorney fees it incurred in responding to Green's collateral estoppel argument and motion to strike.

But the inquiry does not end there.  Courts have inherent powers to police "a full range of litigation abuses."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).  The inherent power of a court can be invoked even if procedural rules exist that sanction the same conduct.

*See In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). Sanctions under a court's inherent powers require a finding of bad faith. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *Id.* (citation omitted). The bad faith necessary to justify a court using its inherent powers to sanction attorney conduct requires a greater showing of misconduct than the standards of objective unreasonableness under Rule 11.

The facts show that Ms. Haynes should have known MOBIS was not present at the ADIR hearing at the time she drafted the collateral estoppel argument and Green's declaration that supported this argument. An associate from Haynes's own law firm represented Green at both the December 16, 2011 and January 4, 2012 ADIR hearings. Although the associate later left Haynes's law firm, Haynes should have known that MOBIS was not present at the January 4 hearing based on the participation of her own law firm in that hearing. In addition, Haynes had audio recordings of both the December and January hearings readily available to her at the time Green's declaration was drafted. Nevertheless, Haynes relied solely on the ADIR hearing officer's opinion that stated MOBIS was present at the January 4, 2012 hearing.[6] When MOBIS filed its reply brief, supplemental declaration,

---

[6] There is a tension between Haynes's statement at the March 17, 2014 hearing that she thought there was only one hearing and the statement in her affidavit that "Ms. Cleveland sent me an email about the hearing information she learned in the hearing for the processing of Ms. Green's discrimination case *and the fact the hearing was continued for MOBIS to present documents* . . . I used Ms. Cleveland's summary of the hearing in deposing Mr. Bennett." (Doc. #139-1, at ¶ 6) (emphasis added).

and audio recording of the January hearing on November 22, 2013, to prove that it did not participate in the January hearing, Ms. Haynes did not read or otherwise inform herself of the contents of these documents because she did not become aware of her false statement until the Court issued its Memorandum Opinion and Order. Instead, Ms. Haynes ordered her legal assistant to file a "standard motion" to strike the supplemental declaration and audio recording without even listening to her copy of the audio recording beforehand. Nor did Ms. Haynes read or otherwise inform herself of the contents of MOBIS's response in opposition to her motion to strike filed on January 14, 2014. That document accused Ms. Haynes of making a statement that was 'false' in boldface and underlined type. Despite all of this, Ms. Haynes stated at the hearing before the Court that "the first time I knew [that the statement in Green's declaration was false] was when the Court is blasting me in that opinion."

Even after the Court issued a show cause order in response to MOBIS's motion for attorney fees, Ms. Haynes did not state the real reasons she failed to detect and to withdraw her false statement earlier. Instead, Ms. Haynes questioned whether MOBIS had received notice of the January 4, 2012 hearing, argued MOBIS had an adequate opportunity to participate in the January hearing because it chose not participate in future hearings, and argued that her statement was perhaps not even false because she drafted Green's declaration with the belief in mind that MOBIS was present at the January hearing because it was part of the same ADIR hearing that was continued from December. Only at the hearing did the Court learn that Ms. Haynes did not know she had made a false statement until she read the Court's Memorandum Opinion and Order, that she relied solely on the ADIR hearing

officer's decision, and that she did not even know there were two ADIR hearings.

Although the Court finds that Ms. Haynes was objectively unreasonable in failing to inquire into the truth of her statement that MOBIS was present at the January 4, 2012 ADIR hearing and in failing to detect the falsity of the statement earlier and to withdraw it, the Court does not find that Ms. Haynes's conduct rises to the level of bad faith necessary for sanctions under the Court's inherent powers.

Ms. Haynes's conduct concerns the Court because she maintains a good reputation with this Court and is widely recognized as a top lawyer in the field of employment law. The attorneys on both sides of this case could have worked better to resolve the issues addressed in this order at an earlier stage through better communication. Instead of directly communicating with each other to resolve the concern over statements in Green's declaration, the parties have required the Court to resolve motions unrelated to the merits of the case. The Rule 11 hearing itself involved the presence of seven attorneys, and, in addition to the time spent on the matter by this Court, required a hearing by the Magistrate Judge to resolve the motions to quash. The justice system will be better served by improved relations between counsel for both sides in the future.

Thus, with this in mind, and in the spirit of former Chief Judge Joel F. Dubina's saying that it is "hard for people who break bread together to be disagreeable," it is hereby

ORDERED that MOBIS's Motion for Attorney Fees (Doc. #135) is DENIED, and that Alicia Haynes, Charles Guerrier, and Gina Pearson from the law firm of Haynes & Haynes P.C., and Frank McRight, Amy Jordan, and K. Bryance Metheny from the law firm
18

of Burr & Forman LLP shall share two meals together, with each to pay their own expenses unless otherwise agreed.  Haynes & Haynes shall pick the location of the first meal, and Burr & Forman shall pick the location of the second meal.  By April 30, the parties shall file a certification to the Court stating the time and location of the meals as well as those in attendance.

      DONE this the 25th day of March, 2014.

                                      /s/  Mark E. Fuller
                            UNITED STATES DISTRICT JUDGE