IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORIA C. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:12-cv-277-MEF |
| | ) | (WO – Do Not Publish) |
| MOBIS ALABAMA, LLC, and | ) | |
| JEREMY POWERS, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Defendant MOBIS Alabama, LLC's ("MOBIS") Bill of Costs (Doc. #134) and Plaintiff Noria Green's ("Green") Objection to Bill of Costs (Doc. #137). Having considered Green's objections and the relevant legal authorities, the Court finds that Green's objections are due to be SUSTAINED IN PART and OVERRULED IN PART and that MOBIS's Bill of Costs is due to be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an employment discrimination case brought by Green against her former employer, MOBIS, and a former co-worker and supervisor, Jeremy Powers, for sexual harassment, gender discrimination, violation of the Family Medical and Leave Act, as well as various state law violations.  The Court granted summary judgment as to all claims against MOBIS and declined to exercise supplemental jurisdiction over the state law claims against Defendant Jeremy Powers.  (Doc. #132.)  The Court entered final judgment in favor of

1

MOBIS on February 5, 2014, and taxed costs against Green pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

On February 12, 2014, MOBIS filed its Bill of Costs (Doc. #134) seeking a total of $12,120.11.  These fees were spent on service of summons and subpoenas ($1,191.57), printed transcripts ($5,302.30), printing ($197.50), witnesses ($327.23), and making copies ($5,101.51).  Green object to the $5,302.30 for deposition transcripts on the grounds that the invoices included charges for scanning to electronic disk, and that the depositions of Tracy Riedler, Kevin Green, and Curt Bennett's Rule 30(b)(6) deposition were not used in MOBIS's motion for summary judgment.  Green objects that MOBIS has not specified what the $5,101.51 in copies were used for.  Green objects that the $1,191.57 for service of subpoenas were actually incurred for courier fees, and that the costs of MOBIS's own witnesses should be deducted from the $327.23 witness fee.  In its response, MOBIS withdraws $94.35 inadvertently included for scanning Noria Green's deposition to disk, but seeks the remaining $5,207.95.  MOBIS also withdraws courier costs incurred in serving subpoenas and seeks only the $240 cost of service of a subpoena on Kevin Green.

## II.  DISCUSSION

Federal Rule of Civil Procedure Rule 54(d)(1) awards costs, other than attorney's fees, to the prevailing party.  While a district court has broad discretion to award costs, it may tax only those costs authorized by statute.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 619–20 (11th Cir. 2000).

Private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) and 1921.

*W&O, Inc.*, 213 F.3d at 625.  Since MOBIS has withdrawn its demand for courier costs, the Court finds that MOBIS is due to be awarded the $240 paid to serve a subpoena on Kevin Green.

28 U.S.C. § 1920(2) allows for recovery of fees for "printed or electronically recorded transcripts necessarily obtained for use in the case."  The Court has verified that MOBIS did not include the cost of scanning depositions to disk in calculating its costs, with the exception of the $94.35 that MOBIS has withdrawn.[1]  Green seeks to exclude the costs of transcripts for the depositions of Tracy Riedler, Kevin Green, and Bennett's FRCP 30(b)(6) deposition.  A deposition taken within the proper bounds of discovery will normally be deemed to be "necessarily obtained for use in the case," and its cost will be taxed unless the opposing party makes a specific objection that the deposition was improperly taken or unduly prolonged.  *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Amer. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991).  A deposition need not be used at trial but must appear reasonably necessary at the time it is taken.  *Id.*  The depositions of these three individuals appeared reasonably necessary for use in the case at the time they were taken.  Therefore, MOBIS's costs for transcripts of the depositions are taxed, less the $94.35 it withdrew, for a total of $5207.95.

28 U.S.C. § 1920(3) allows for recovery of witness fees.  Green objects to witness fees paid for four MOBIS employees.  While costs for witnesses are normally not allowed

---

[1] MOBIS seeks only the highlighted figure for the transcripts in Docs. #134, at 5–11, which figure is for only the copy of the transcript.

for parties who are witnesses, *see Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977)[2],Green cites no authority for the proposition that costs for witnesses who are employees of the defendant are not allowed.  Accordingly, Green's objection is overruled and MOBIS may recover $327.23 in witness fees.

Costs for copying are recoverable under 28 U.S.C. § 1920(4).  Green objects on the grounds that MOBIS has failed to state what the copying charges were for and how the copies were used.  MOBIS's records itemize copies by date and number of pages but do not state the nature and purpose of the copies.  As this Court stated in a recent opinion, the party moving for taxation of costs "must present evidence regarding the documents copied including their use or intended use."  *Snow v. Boston Mut. Life Ins. Co.*, No. 11-cv-813, 2014 WL 641879 (M.D. Ala. Feb. 19, 2014) (quoting *Cullens v. Ga. Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  Accordingly, Green's objection is sustained and MOBIS may not recover the $5,101.51 in copying costs.

### III. CONCLUSION

In accordance with the foregoing, it is ORDERED as follows:

1.      Green's objection to courier costs is MOOT.

2.      Green's objection to deposition transcript costs is MOOT insofar as MOBIS withdrew the $94.35 fee from Noria Green's deposition transcript and is otherwise

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

OVERRULED.

      3.      Green's objection to MOBIS's witness fees is OVERRULED.

      4.      Green's objection to MOBIS's copying costs is SUSTAINED.

      5.      Pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920, $5,972.68 in costs are awarded to MOBIS for which execution may issue, said sum consisting of the amounts listed in the Bill of Costs less the $1,045.92 withdrawn by MOBIS and MOBIS's request for copying costs.

      DONE this the 25th day of March, 2014.

                    /s/  Mark E. Fuller
                  UNITED STATES DISTRICT JUDGE