IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORIA C. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:12cv277-MEF |
| | ) | (WO) |
| MOBIS ALABAMA, LLC, and | ) | |
| JEREMY POWERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is non-party Henry Barnett's application for an award of attorney's fees associated with a motion to quash (doc. # 158) filed on March 18, 2014. This case has a tortured and unnecessarily disputatious history[1] which the court will not recount except as pertinent to the application for fees currently pending before the undersigned.

The amended complaint (Doc. #42) filed by Noria C. Green in this case on November 2, 2012, asserted Title VII claims for sexual harassment, gender discrimination, and retaliation; violations of the Family and Medical Leave Act ("FMLA") and various state law tort claims against the defendants.  On February 5, 2014, the court entered a memorandum opinion and final judgment granting defendant

---

[1]*See e.g.*, Doc. # 159, Order entered March 25, 2014.

MOBIS's motion for summary judgment.[2] (Doc. # 132 & 133). On February 19, 2014, MOBIS filed a motion for attorney's fees pursuant to FED.R.CIV.P. 11. *See* Doc. # 135. On March 3, 2014, Green filed a response to the application for attorney's fees (doc. # 139) and a motion for an evidentiary hearing. (Doc. # 140). On March 4, 2014, Green filed a motion to alter or amend judgment pursuant to FED.R.CIV.P. 59(d).[3] On March 6, 2014, the court granted Green's motion for an evidentiary hearing (doc. # 142) and set a hearing on MOBIS's motion for attorney's fees on March 17, 2014. It is events surrounding that hearing which led to this dispute which concerns a subpoena issued by Green's attorney, Alicia K. Haynes.

On March 10, 2014, pursuant to FED.R.CIV.P. 45, Haynes issued a FED R. CIV. P. 45 subpoena to non-party Henry Barnett ("Barnett"), MOBIS's former counsel.[4] The subpoena was served on Barnett on March 11, 2014. The subpoena commanded his presence at the evidentiary hearing on March 17, 2014, and directed him to

> bring with [him] the following documents, electronically stored information, or objects . . . Your complete file and notes in Green v. MOBIS, 12-cv-00277, including the ADIR hearing and appeal No.:

---

[2] State law claims against an individual defendant were dismissed without prejudice.

[3] The court denied the motion to alter or amend on March 6, 2014. (Doc. # 143).

[4] It is undisputed that Barnett and his firm, Capell & Howard, PC, represented defendant MOBIS from 2005 until September 2012 when MOBIS terminated Capell & Howard and retained the law firm of Burr & Forman LLP. Barnett delivered documents and files related to his representation of MOBIS to Burr & Forman in September 2012. However, Capell & Howard retained some electronically stored information related to Barnett's representation of MOBIS.

25227AT1.

(Doc. # 151-1).

On March 13, 2014, Barnett filed a motion to quash the subpoena and a motion for costs associated with the motion to quash.  (Doc. # 151).  Barnett asserted that the subpoena should be quashed because (1) it failed to allow a reasonable time to comply; (2) it sought material protected by the attorney-client privilege and/or the work product doctrine; and (3) counsel for Green failed to take reasonable steps to avoid imposing an undue burden and expense on him.  *See* Doc. # 151.

The undersigned heard oral arguments on Barnett's motion to quash on March 14, 2014.   In open court, the court granted Barnett's motion to quash finding "absolutely no basis for issuing a subpoena to Mr. Barnett."  (Doc. # 170 at 9).   On March 18, 2014, Barnett filed a motion for attorney fees related to his motion to quash the subpoena. (Doc. # 158).  This motion has been fully briefed.

## DISCUSSION

"Under Rule 45, any party may serve a subpoena commanding a non-party 'to attend and give testimony or to produce and permit inspection [and] copying' of documents. FED.R.CIV.P. 45(a)(1)(C)." *Anderson v. Abercrombie and Fitch Stores, Inc.*, 2007 WL 1994059, *2 (S.D. Cal. 2007).  The subpoena signed by plaintiff's counsel, Alicia K. Haynes ("Haynes"), on March 10, 2014, was served on Barnett at

3

his law firm on March 11, 2014.  The subpoena very clearly commanded Barnett to appear with his "complete file and notes in Green v. MOBIS" at the evidentiary hearing on March 17, 2014.

In response to Barnett's motion, Haynes first argues that the subpoena did not seek the production of Barnett's file but merely asked "that he bring his file with him to refresh his memory as needed at the hearing." (Doc. # 172).  Haynes' sophistry lacks even superficial plausibility.   Haynes issued the subpoena pursuant to FED.R.CIV.P. 45 which requires

> each person to whom it is directed to do the following at a specified time and place:  attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit inspection of premises; . . .

FED.R.CIV.P. 45(a)(1)(A)(iii).  The subpoena[5] very clearly directs Barnett, a non-party, to appear at the evidentiary hearing and consistent with FED R. CIV. P. 45(a)(1)(C) included a command to produce. (Doc. # 151-1).  And, the rule further provides that a

> command in a subpoena to produce documents, electronically stored information, or tangible things *requires the responding person to permit*

---

[5] Haynes argues that she issued a trial subpoena and not a subpoena to produce documents as evidenced by her use of Form AO88 instead of Form AO88B.  This argument is wholly lacking in merit.  First, it is inconsistent with the plain language of the subpoena issued to Barnett.  Secondly, it is the substance of the subpoena that matters and not the form.  Regardless of what form Haynes utilized, the subpoena was issued pursuant to FED R. CIV. P. 45 and commanded Barnett to appear *and* to produce his complete file, including electronically stored information.

4

*inspection, copying, testing, or sampling of the materials*.

FED R. CIV. P. 45(a)(1)(D) (emphasis added). Haynes' refreshing recollection argument fails because it is inconsistent with Rule 45 and as discussed below for the reason that Haynes never disclosed this limitation to Barnett.

The court also concludes that the subpoena failed to allow Barnett a reasonable time to comply. *See* FED.R.CIV.P. 45(d)(3)(A)(i). Reasonable time has been held to be fourteen days. *See In re New England Compounding Pharmacy, Inc. Products Liability Litigation*, 2013 WL 6058483, * 7 (D. Mass. 2013) (collecting cases). It is undisputed that Barnett received the subpoena in this case on March 11, 2014, directing his appearance and the production of his complete file, *including electronically stored information*, on March 17, 2014. The court concludes that in this case, the subpoena commanding Barnett to appear *and* produce his complete file including electronically stored information in less than five business days was not reasonable.

"The party issuing and serving the "subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." FED.R.CIV.P. 45(d)(1); *Buckles v. Focus on Innovation, Inc.*, 2014 WL 988765 (M.D. Fla. Mar. 10, 2014). The only evidence before the court demonstrates that Green's counsel took *no* steps to avoid imposing undue burden or expense on Barnett. In his

5

application for fees, Barnett submitted the affidavit of Attorney Barbara Wells ("Wells"), his counsel and law partner. (Doc. # 158-1). In her affidavit, Wells recites efforts *she* took to contact Haynes. Haynes does not dispute Wells' recitation of what happened between the serving of the subpoena and the court's oral argument held three days later.[6] Haynes did not discuss the subpoena with Barnett or anyone else from his firm. She simply commanded that he appear and bring with him his complete file, including electronically stored information. She did not limit her request for his file.[7] She made no effort to contact Barnett or his firm prior to issuing the subpoena, and she did nothing after issuing the subpoena.[8] She did not respond to phone calls from Wells. Thus, the court concludes that Haynes failed to take any steps, let alone any reasonable ones, to avoid imposing an undue burden or expense on Barnett. *See Ebert v. C.R. Bard, Inc.*, 2014 WL 1365889. *2 (M.D. Pa. 2014) ("When analyzing whether a subpoena places an undue burden on a nonparty, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request,

---

[6] While Haynes defends her initial decision to issue the subpoena, she fails to respond to Barnett's arguments that the subpoena failed to allow sufficient time to respond, was not narrowly tailored to avoid undue burden or expense or that she failed to take reasonable steps to avoid undue burden or expense on Barnett. Consequently the only evidence before the court is Attorney Wells' unrebutted affidavit.

[7] Despite Haynes' assertion that she simply wanted Barnett to have his file to "refresh" his memory, it is undisputed that she did not convey this to Barnett or his counsel.

[8] When the court held oral argument by telephone conference on the motion to quash, Haynes participated from a conference in Chicago. (Doc. # 170 at 4).

the time period covered, the particularity with which the documents are described, and the burden imposed in responding.)

Haynes attempts to deflect attention from her failure to comply with FED.R.CIV.P. 45 to MOBIS's alleged waiver of the attorney-client privilege to justify the issuance of the subpoena. However, counsel fails to address the most basic aspects of FED.R.CIV.P. 45 – particularly, whether she took reasonable steps to avoid imposing undue burden on Barnett, the recipient of her subpoena. "Rule 45 focuses the burden imposed on the recipient of the subpoena," not on counsel's rationale for issuing the subpoena. *See Georgia-Pacific LLC v. American Int'l Speciality Lines Ins. Co.*, 278 F.R.D. 187, 190 (S. D. Ohio 2010). Counsel's justification for issuing the subpoena is, at this juncture, immaterial. "So long as the duty to avoid imposing an undue burden is violated, it is of no consequence that the party or attorney who served the subpoena acted in good faith." *Id.*

Having concluded that Haynes failed to comply with FED.R.CIV.P. 45, the court turns next to an appropriate sanction.

> Rule 45(d)(1) mandates a court to impose "an appropriate sanction - which may include lost earnings and attorney's fees - on a party or attorney who fails to comply" with the rule's mandate that an issuing party "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." FED.R.CIV.P. 45(d)(1).

*Bell Inc. v. GE Lighting, LLC.*, 2014 WL 1630754, *8 (W.D. Va. 2014). *See also,*

*American Broadcasting Co., Inc. v. Aereo, Inc.*, 2013 WL 6086867, *5 (N.D. Iowa 2013) ("When a party fails to take reasonable steps to avoid imposing an undue burden or expense on the person subject to the subpoena, the court *must* impose a reasonable sanction, which *may* include *reasonable* attorney's fees.") (emphasis in original); *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, 2012 WL 398643, *4 (S.D.N.Y. 2012) ("under Rule 45(c)(1), when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a third party, the issuing court "must . . . impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees" - on the party or attorney responsible for the failure to do so.")

The court concludes that an award of attorney's fees for opposing the subpoena is the appropriate sanction in this matter. The court does not impose sanctions because the court denied the discovery sought by the plaintiff through issuance of the subpoena. Rather the court imposes sanction because Haynes failed to comply with the requirements of FED R. CIV. P. 45.

Barnett seeks an award of attorney's fees in the amount of $3,458.00. Barnett is represented by Attorney Barbara G. Wells, an experienced litigator in his firm. Wells has practiced law for twenty (20) years, regularly in this court. Her hourly rate is $260.00. Plaintiff's counsel does not dispute Wells' qualifications and does not challenge her hourly rate. The court is cognizant of the hourly rates of lawyers of the

caliber and experience of Wells and finds that her hourly rate is reasonable.

The plaintiff, however, challenges the number of hours[9] and the manner in which Wells documented her time. A review of her billing record demonstrates that Wells sufficiently and adequately documented her time. The court has carefully reviewed the billing records and concludes that $3,458.00 for 13.1 hours work is reasonable under the facts.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that non-party Barnett's application for an award of attorney's fees (doc. # 158) be and is hereby GRANTED, and Barnett is AWARDED attorney's fees in the amount of $3,458, payable by Attorney Alicia K. Haynes, *see* FED R. CIV. P. 45(d)(1), within fifteen (15) days from the date of this order.

Done this 16th day of May, 2014.

                                           /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE

---

[9] In response to her application for fees, Haynes asserts that she "questions how much of the time spent on this case was actually related to researching the issue of waiver." (Doc. # 172). The court is not limited to compensating Attorney Wells only for the time spent on the waiver issue. Rather, the court awards attorney's fees for Barnett having to respond to a subpoena that *Haynes* failed to take reasonable steps to avoid imposing an undue burden. *See* FED.R.CIV.P. 45.